# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABCNY, INC., <br><br>     Plaintiff, <br><br> v. <br><br> AXIS SURPLUS INSURANCE COMPANY, LANDMARK AMERICAN INSURANCE COMPANY, and STARSTONE SPECIALTY INSURANCE COMPANY, <br><br>     Defendants. | Index No. 158669/2023 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants AXIS Surplus Insurance Company, Landmark American Insurance Company, and Starstone Specialty Insurance Company (together, the "Insurers"), by and through their undersigned counsel, hereby remove to this Court the above-referenced civil action currently pending in the Supreme Court of the State of New York, County of New York, Index No. 158669/2023.

In support of removal, the Insurers state as follows:

## BACKGROUND

1. This action is an insurance dispute arising out of a loss that allegedly occurred on January 7, 2023 at the Hotel Artel located in Brooklyn, New York. Plaintiff ABCNY, Inc. ("ABCNY") owns the Hotel Artel, as well as numerous other properties in New York City.

2. The Insurers issued policies of insurance (together, the "Policy") covering ABCNY for covered losses at its properties, including the Hotel Artel. The Policy provides coverage to ABCNY subject to a deductible of $25,000. But the Policy specifies that a $250,000 deductible will apply to losses at the Hotel Artel if it "is or becomes a shelter during the term" of the Policy.

3.     The Hotel Artel was used as a shelter during the term of the Policy.  Pursuant to a contract with the New York City Department of Homeless Services, the Hotel Artel was one of the many locations throughout New York City that was used as "temporary housing … provided to homeless individuals and families who are seeking asylum [] in New York City."

4.     After the January 7, 2023 loss, ABCNY filed a claim with the Insurers (the "Claim").  The Insurers adjusted the Claim and determined that the amount of potentially covered loss did not exceed the applicable $250,000 "Shelter Deductible."  The Insurers therefore did not make a payment in response to the Claim.

5.     On or about August 31, 2023, ABCNY filed a Summons and Verified Complaint in the Supreme Court of the State of New York, County of New York.  A true and correct copy of the Summons and Verified Complaint is attached hereto as **Exhibit 1**.

6.     In the Verified Complaint, ABCNY alleges that it suffered a covered loss of at least $250,000.  *See* Ex. 1, ¶ 43.  ABCNY also alleges that it sustained consequential damages of at least $100,000.  *See id.* ¶ 44.

7.     On September 19, 2023, ABCNY and the Insurers stipulated that the Insurers would accept service and would have until November 17, 2023 to respond to the Verified Complaint.  A true and correct copy of this stipulation is attached hereto as **Exhibit 2**.

8.     The Insurers deny ABCNY's allegations, and intend to move to dismiss (in whole or in part) the Verified Complaint.

## GROUNDS FOR REMOVAL

9.     Pursuant to 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to

the district court of the United States for the district and division embracing the place where such action is pending."

10. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of a different state from all Defendants, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11. Plaintiff ABCNY is a New York corporation with its principal place of business in Great Neck, New York.

12. Defendant AXIS Surplus Insurance Company is an Illinois corporation with its principal place of business in Alpharetta, Georgia.

13. Defendant Landmark American Insurance Company is an Oklahoma corporation with its principal place of business in Atlanta, Georgia.

14. Defendant Starstone Specialty Insurance Company is a Delaware corporation with its principal place of business in Cincinnati, Ohio.

15. The amount in controversy exceeds $75,000. Indeed, ABCNY is seeking at least $350,000 in damages from the Insurers.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because this District embraces New York County, where this action was pending prior to removal.

17. The Insurers' removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice of Removal is being filed within 30 days of the date when the Insurers agreed to accept service of the Summons and Verified Complaint.

18. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants join in this removal.

19. Pursuant to 28 U.S.C. § 1446(d), the Insurers will promptly file a copy of this Notice of Removal in the Supreme Court of the State of New York, County of New York, and give written notice of the removal to all other parties.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the Insurers respectfully remove to this Court the above-captioned civil action, which is currently pending in the Supreme Court of the State of New York, County of New York.

Respectfully submitted,

Dated: New York, New York
October 16, 2023

*/s/* Wayne Glaubinger
Wayne R. Glaubinger
Guyon H. Knight
MOUND COTTON WOLLAN & GREENGRASS LLP
One New York Plaza
New York, New York 10004
(212) 804-4200
wglaubinger@moundcotton.com
gknight@moundcotton.com

*Attorneys for Defendants*
*AXIS Surplus Insurance Company,*
*Landmark American Insurance Company, and*
*Starstone Specialty Insurance Company*